Salem

RAMONA K. RICHARDSON KENDRICK, et al.

v.

NATIONWIDE HOMES, INC., et al.

No. 0749-86-3

Decided April 21, 1987

190

COUNSEL

John W. Swezey (Swezey & Gautsch, on brief), for appellant.

James A.L. Daniel (Martha White Medley, Meade, Tate & Daniel, P.C., on brief), for appellee.

OPINION

MOON, J. — Jesse P. Kendrick, an employee of Nationwide Homes, Inc., was killed on his way home from work when a train struck his automobile while crossing the right of way adjoining his employer's business. Claimant, decedent's wife, appeals an Industrial Commission decision denying an award to Kendrick's estate. The commission held that Kendrick's death occurred while going to or from work and did not fall within any of the well recognized exceptions; therefore, his death did not arise out of his employment. We agree with the commission and affirm the decision.

 Whether an accident arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal. *American Furniture Co. v. Graves*, 141 Va. 1, 13-14, 126 S.E. 213, 216 (1925); *Park Oil Co. v. Parham*, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985). Claimant had the burden of proving that Kendrick's death arose out of and in the course of his employment. *See Winegar v. International Telephone & Telegraph*, 1 Va. App. 260, 261, 337 S.E.2d 760, 760 (1985).

As a general rule, "an employee going to or from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment." *Boyd's Roofing Co. v. Lewis*, 1 Va. App. 93, 94, 335 S.E.2d 281, 282 (1985) (quoting *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330, 332 (1925)). Therefore, any injury re-

ceived while going to or from work generally is not compensable.

■ However, several exceptions to this rule exist, which the Supreme Court of Virginia first outlined in *Kent* and restated in *GATX Tank Erection Co. v. Gnewuch*, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980):

> First: Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.
>
> Second: Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer.
>
> Third: Where the employee on his way to or from work is still charged with some duty or task in connection with his employment.

*Kent*, 143 Va. at 66, 129 S.E. at 332.

In denying the award, the commission found that the crossing was not the sole means of ingress or egress to the plant site and the way of egress was not constructed by the employer. Claimant concedes that exceptions one and three were not applicable and that the evidence supported the finding that, although the crossing was the primary means of ingress and egress, it was not the "sole and exclusive way" as contemplated in the law. However, claimant relies upon that portion of exception two which allows recovery if injured "where the way of ingress and egress is constructed by the employer." Claimant asks that we construe that language to also include an area maintained and incorporated into the employer's business site.

Claimant relies upon the following evidence in support of this proposition:

1. The employer's property line and the railroad right of way line at the place the accident happened are a common boundary.
2. The road leads to the employer's main gate and the vast majority of vehicular traffic entering the employer's premises must cross the tracks.
3. The employer uses the railroad right of way as an area where it posted signs announcing special events, including its safety record.
4. The railroad crossing serves no other property except employer's property.

5. The alternate way to employer's property is an extremely rough and pitted road that leads to the back of a residential area in the City of Martinsville.

The commission found that claimant's evidence did not prove that Nationwide Homes constructed the crossing or acted in a manner sufficient to include the crossing in the zone of employment, and that "[t]he mere fact that the main entrance into a facility requires one to cross a railroad track which is contiguous to the employer's property is not sufficient to make that crossing a part of the employer's premises."

We adopt the commission's findings which are fully supported by the record:

[A]t the time of the claimant's death he had exited the primary parking area of the employer's premises, passed through the main gate, proceeded up a hill and was crossing a railroad track in preparation for entering a State maintained highway. While this route was the primary exit from the employer's premises, various exhibits, testimony at the hearing, and observation by the Deputy Commissioner, substantiate that an unmarked, gravel, rough and winding back road that exited in a residential area of the City of Martinsville was available as an additional means of access to the employer's premises.

The commission further found that Nationwide Homes maintained the road on its own property up to the right of way line, located fifty feet from the center of the railroad track, and placed caution signs and signs announcing special events along the road across the right of way.

We agree with the commission that the evidence fails to prove by a preponderance of the evidence that the employer constructed or maintained the crossing over the right of way. Therefore, we do not decide whether "maintenance" falls within the definition of construction since there was insufficient evidence to show that Nationwide Homes even maintained the railroad's right of way.

On appeal we do not consider any argument not raised before the commission. Thus, no other theory of recovery will be considered. Rule 5A:18.

Therefore, the decision appealed from is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.