COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ROBERT GEORGE WOODWARD
                                        MEMORANDUM OPINION[*]
v.    Record No. 0504-96-3                  PER CURIAM
                                         AUGUST 13, 1996
HARDEE'S/BODDIE NOELL ENTERPRISES, INC.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Susan D. Oglebay, on brief), for appellant.

            (Linda Davis Frith; Monica L. Taylor; Gentry,
            Locke, Rakes & Moore, on brief), for
            appellee.



        Robert George Woodward contends that the Workers'

Compensation Commission erred in finding that the accident in

which his wife, Joyce Woodward, died did not arise out of and in

the course of her employment.  Woodward argues that the

decedent's accident arose out of and in the course of her

employment under the "special errand doctrine" or the "personal

comfort doctrine" or some other exception to the "coming and

going" rule.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

                        Background

        The decedent worked as a breakfast manager at employer's

restaurant.  On May 19, 1993, the decedent worked from 4:00 a.m.

--------------------------------------

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to 11:59 a.m. She left her workplace and drove home. The drive from her workplace to her home took approximately one-half hour. She had to return to her workplace at 2:00 p.m. for a manager's meeting. Returning to the meeting, the decedent fell asleep while driving and died as a result of a single automobile accident.

Shift managers were required to attend a manager's meeting once per month. Employer allowed managers to wait in the restaurant's main dining room after their work shift until the meeting time if they wished to do so. Employer paid managers for their time spent at the manager's meetings and required them to clock in when the meeting started and to clock out when the meeting ended. Employer did not pay managers for time spent traveling to the meetings or waiting in the restaurant before the meeting started.

## Special Errand Doctrine

"Whether an accident arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal." Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987). Woodward bore the burden of proving that the decedent's accident arose out of and in the course of her employment. Id.

As a general rule, injury or death which occurs while an employee is traveling to or from work is not compensable. Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d

2

426, 429 (1992) (en banc). This rule, the "coming and going" rule, is premised upon the principle that an employee traveling to or from his workplace "is not engaged in performing any service growing out of and incidental to his employment." Kendrick, 4 Va. App. at 190, 355 S.E.2d at 347.

The special errand doctrine, an exception to the "coming and going" rule, provides:

> "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."

Harbin v. Jamestown Village Joint Venture, 16 Va. App. 190, 193-94, 428 S.E.2d 754, 756 (1993) (citation omitted). This doctrine applies where "the employee is given 'a temporary, special assignment . . . [which] was outside the normal performance of [the employee's] duties, and it clearly represented a special benefit to the [employer].'" Id. at 195-96, 428 S.E.2d at 757 (citation omitted).

The decedent was not on a special errand for the benefit of her employer while she traveled back to her usual place of employment to attend the manager's meeting. The meeting was a part of her regular employment duties and did not constitute an additional task or special assignment. The decedent's travel to

3

her employer's premises falls within the "going and coming rule" because she had not embarked on an "off-premises" journey at the direction of or for the benefit of her employer.

Harbin, relied upon by Woodward, is distinguishable from this case. Unlike Harbin, the decedent was not required to be away from her employer's place of employment while performing a duty assigned by the employer. Accordingly, the commission did not err in finding that the special errand doctrine did not apply to the circumstances of this case.

## Personal Comfort Doctrine

Under the personal comfort doctrine "occasional breaks and excursions for food, drink, rest and restroom visitation are deemed to be in the course of employment." Ablola v. Holland Road Auto Center, Ltd., 11 Va. App. 181, 183, 397 S.E.2d 541, 542 (1990). The doctrine applies only if "'the employee uses the facilities furnished to him by the employer, or does not depart from the employer's premises, or go to some place thereon where he has no right to be.'" Kraf Constr. Servs., Inc. v. Ingram, 17 Va. App. 295, 299, 437 S.E.2d 424, 427 (1993) (citation omitted).

Assuming the decedent sought personal comfort by travelling home before the meeting, she did not do so at facilities furnished by employer or on employer's premises. Accordingly, the commission did not err in finding that the personal comfort doctrine did not apply to the circumstances of this case.

## Other Exception

4

Woodward argues that, even if the special errand and the personal comfort doctrines do not apply, the commission erred by not creating a new exception to the "coming and going" rule because of the peculiar demands of the decedent's employment.  We find no support in the Act or the case law for such a contention. Because Woodward failed to prove that any exception to the "coming and going" rule applied to the circumstances of this case, the commission did not err in finding that Woodward's evidence did not prove that the decedent's accident arose out of and in the course of her employment.

For these reasons, we affirm the commission's decision.

Affirmed.
