COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

ORA G. HARRIS

v.   Record No. 1155-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
WEST POINT PEPPERELL, INC.                   NOVEMBER 26, 1996
AND
TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ora G. Harris, pro se, on brief).

            (Warren G. Britt; Britt & Gnapp, on brief),
            for appellees.


     Ora G. Harris contends that the Workers' Compensation Commission erred in finding that she failed to prove she sustained (1) an injury by accident arising out of and in the course of her employment; or (2) a compensable occupational disease.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that Harris worked for West Point Pepperell, Inc., a towel manufacturer.  Harris' job

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

required her to work at four machines, repetitively placing seven to eight pound spools of yarn on a rack and threading the yarn through a machine.

On May 30, 1995, Harris filed a claim seeking compensation benefits beginning July 21, 1993.  In her application, Harris alleged she sustained an injury by accident and an occupational disease related to lifting and repetitive use of her wrist and back, which caused carpal tunnel syndrome and bulging lumbar discs.  At the hearing, Harris stipulated that she was not claiming an occupational disease, but was claiming an injury by accident of unknown date, which resulted in carpal tunnel syndrome and lumbar disc problems.  Harris testified that she believed her carpal tunnel syndrome and back problems began in April 1993 as the result of repetitive lifting at work.

Harris acknowledged that she had sustained back injuries in an August 1, 1992 motor vehicle accident not related to her employment.  Dr. Ronald Haney examined Harris after the accident and noted that Harris sustained injuries to her forehead, right forearm, elbow, and both knees.  Harris also complained of thoracic pain, chest pain, right hand numbness, and right hip pain.

Dr. Haney ultimately diagnosed Harris as suffering from carpal tunnel syndrome on the right and bulging discs at L4-5 and L5-S1.  He performed carpal tunnel release surgery on her right wrist.  After Harris continued to complain of chest and back

pain, Dr. Haney diagnosed myofascial syndrome. Although Dr. Haney referred to the August 1, 1992 motor vehicle accident in his notes, he never referred to Harris' employment as a cause of her conditions nor did he ever relate Harris' conditions to any specific work-related incident.

## I. Injury by Accident

"In order to carry [her] burden of proving an 'injury by accident,' a claimant must prove the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious and sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Harris' evidence sustained her burden of proof, the commission's finding is binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Neither Harris' testimony nor the medical records established that Harris' carpal tunnel syndrome or lumbar disc condition was caused by a specific identifiable work-related incident. Furthermore, in Stenrich Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996), the Supreme Court held that "job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the present provisions of the Act." Accordingly, we cannot say as a matter of law that Harris proved she sustained an injury by accident arising out of

3

and in the course of her employment.

## II.  Occupational Disease

Any theory of recovery that is not raised before the commission will not be considered for the first time on appeal. Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987); Rule 5A:18.  Harris did not pursue an occupational disease claim before the commission.  Therefore, we will not consider this claim on appeal.

For the reasons stated, we affirm the commission's decision.

Affirmed.