COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


FREDDIE JODUAN FLEMING
                                    MEMORANDUM OPINION[*]
v.    Record No. 1017-97-1              PER CURIAM
                                     SEPTEMBER 9, 1997
SNAP CONTRACTING CORPORATION
AND
TWIN CITY FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Freddie Joduan Fleming, pro se, on brief).

          (Amy Moss Levy; Willcox & Savage, on brief),
          for appellees.


     Freddie Joduan Fleming (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that his

claim for workers' compensation benefits was barred by his use of

a non-prescribed controlled substance pursuant to Code

§ 65.2-306(A)(6).[1]  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Because claimant did not argue before the commission that
the application of Code § 65.2-306(A)(6) to his claim denied him
due process of law, we will not address this argument on appeal.
 See Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355
S.E.2d 347, 349 (1987); Rule 5A:18.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On May 21, 1996, claimant, who worked for employer as a carpenter, was making holes in a brick wall for a ventilation duct along with a co-worker, Rodney Wapples. Claimant and Wapples disassembled scaffolding on the porch, and then moved it inside and re-assembled it. When they re-assembled the scaffolding, a wing nut, which held the hand rail, was not attached. When claimant climbed the scaffolding, the hand rail came off, causing him to slip and fall onto the concrete floor. Claimant injured his head and shoulder. Wapples testified that claimant failed to put the wing nut on the rail.

Immediately after the accident, claimant tested positive for marijuana pursuant to a National Institute on Drug Abuse (NIDA) certified laboratory test. Claimant contended that he had not used marijuana on the job, but that he had been to a party on May 19, 1996, where other people smoked marijuana.

Code § 65.2-306(A)(6) bars compensation for an injury or death caused by the employee's use of a non-prescribed controlled substance, such as marijuana. If there is evidence of a positive NIDA certified drug test, Code § 65.2-306(B) provides a rebuttable presumption that the employee was using a non-prescribed controlled substance at the time of his injuries.

In denying the claimant's application, the commission found as follows:

> We find that the evidence supports the finding that the claimant's drug test fairly and accurately recorded the presence of marijuana in his system. Section 65.2-306(B) allows a rebuttable presumption of intoxication under such circumstances, and we find that this presumption has not been rebutted. The evidence also supports the Deputy Commissioner's finding that the claimant's intoxication contributed to the accident. The fact that the claimant did not attach the wing nut, which was present and was discovered after the accident, and nevertheless climbed up the scaffolding holding onto the railing, indicates that an impaired judgment was the cause of the accident.

The positive drug test supports the commission's finding that employer's evidence triggered the rebuttable presumption contained in Code § 65.2-306(B). As fact finder, the commission was entitled to reject appellant's testimony that he had not smoked marijuana, but had attended a party where others had smoked the drug. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Furthermore, based upon Wapples' testimony and the circumstances of the accident, the commission could reasonably infer that claimant's use of marijuana proximately caused his injuries. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on

3

appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Based upon this record, the commission did not err in finding that claimant failed to rebut the presumption contained in Code § 65.2-306(B).

Accordingly, we affirm the commission's decision.

Affirmed.

4