COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

KENNETH E. COBB

v.   Record No. 1065-97-1

SHAW PAINT & WALL PAPER COMPANY, INC.
AND
LIBERTY MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER, 9, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Kenneth E. Cobb, pro se, on brief).

(Bradford C. Jacob; Taylor & Walker, on
brief), for appellees.

Kenneth E. Cobb contends that the Workers' Compensation Commission erred in finding that he was not entitled to (1) a reinstatement of compensation benefits, and (2) a change in treating physicians.  Cobb also requests an award for lost earnings, partial permanent disability benefits, and pain and suffering.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

I.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that Cobb's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that Cobb's evidence did not prove that the employer forged Cobb's signature on the Agreed Statement of Fact and that Cobb was not entitled to a reinstatement of compensation benefits, the commission found as follows:

> After considering [Cobb's] testimony, we are unpersuaded, as was the Deputy Commissioner, that [Cobb] did not sign the Agreed Statement of Fact.  We therefore find no evidence of imposition or fraud.
>
> We do find evidence of mutual mistake, because the wrong reason for termination of the award was checked on the Agreed Statement of Fact.  Nonetheless, in light of the unequivocal release to full unrestricted duty on December 8, 1995, which was never retracted and was in fact reiterated on August 1, 1996, by Dr. Payne, we find [Cobb] is not entitled to benefits after December 8, 1995.  We therefore conclude that the Deputy Commissioner properly declined to set aside the termination of [Cobb's] award.

Based upon the testimony of Cobb and Matthew Thompson, the

2

insurance adjuster, the commission could find that the parties signed the Agreed Statement of Fact. Because credible evidence supports that finding, it is conclusive and binding on appeal. Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988). Furthermore, the commission could reasonably infer from the evidence that when the statement was signed the incorrect box had been checked, indicating that Cobb had returned to pre-injury work rather than that he had been released to return to pre-injury work. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Furthermore, the undisputed medical records of Dr. Loel Z. Payne, the treating orthopedist, proved that as of December 8, 1995, Dr. Payne had released Cobb to return to his pre-injury work without restrictions.

Because the evidence supports the commission's findings, they are binding and conclusive upon us. See id. In view of those findings, we cannot say as a matter of law that the commission erred in refusing to reinstate Cobb's compensation benefits.

## II.

Whether a treating physician has released or abandoned his patient generally is determined by the express intent of the physician. In some cases, the total circumstances must be

3

analyzed in order to determine whether the discharge, release, or abandonment of the patient was intended.  This is a factual determination that the commission must make.  See Jensen Press v. Ale, 1 Va. App. 153, 157, 336 S.E.2d 522, 524 (1985).

In ruling that Cobb was not entitled to change his treating physicians, the commission found as follows:

> Dr. Payne, [Cobb's] treating physician, is an orthopedic specialist who has appropriately evaluated and treated [Cobb's] injury. [Cobb's] condition progressed to the point where Dr. Payne released him to full, unrestricted duty.  Although Dr. Payne has stated that he has no orthopedic treatment for [Cobb], he has advised [Cobb] to return as needed, and has suggested that [Cobb] might obtain relief from his muscle spasms through chiropractic treatment.  [Cobb] must continue to seek treatment from Dr. Payne and his referrals.

The commission's findings are amply supported by the medical records and will not be disturbed on appeal.  Thus, we cannot find as a matter of law that the commission erred in denying Cobb's request for a change in treating physicians.

### III.

Cobb did not make a claim before the commission for $33,280 in lost earnings, permanent partial disability benefits, or for $50,000 in pain and suffering.  Accordingly, we will not address those theories of recovery for the first time on appeal.  Rule 5A:18; see Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987).

For these reasons, we affirm the commission's decision.

4

Affirmed.