COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons

JEANNE H. HARDY

v.    Record No. 1484-98-1

NARDI CONTRACTING GROUP, INC. AND
 ROYAL INSURANCE COMPANY OF AMERICA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 24, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(John H. Klein; Montagna, Klein & Camden, on
brief), for appellant.

(Michelle ReDavid Rack; Huff, Poole &
Mahoney, on brief), for appellees.


Jeanne H. Hardy ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in finding that she
failed to prove that her December 22, 1994 injury by accident
arose out of her employment with Nardi Contracting Group, Inc.
("employer").  Specifically, claimant argues that the "coming and
going" rule did not apply to her claim, and, even if it did, her
claim fell within one of the recognized exceptions to the rule.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

So viewed, the evidence established that claimant worked for employer as a commercial construction contract specialist since the inception of employer's business in the summer of 1994. Claimant contacted John Narducci, employer's vice president, and Joyce Garcia Narducci, employer's president, and requested a ride to employer's office on the morning of December 22, 1994. Claimant gave conflicting reasons for why she requested the ride. In her interrogatory answer, she initially stated that her car was broken down that day. She later changed that answer to reflect that her car was being used at a jobsite by Mr. Anthony Ropero. Finally, she testified at the hearing that her car was being used by her son at a jobsite.

Joyce Narducci testified that contrary to claimant's assertion, claimant's car was not used at jobsites for business purposes. Narducci testified that claimant's son worked for employer and that on several occasions claimant allowed her son to use her car because his car frequently broke down. On those occasions, claimant called Joyce Narducci for a ride to work. The Narduccis both testified that claimant asked for a ride on the morning of December 22, 1994, because her car was inoperable. John Narducci testified that when he picked up claimant that morning, her car was parked in front of her house.

Claimant testified that she frequently performed work at home outside of her normal working hours. Joyce Narducci testified that during the months of November and December 1994,

employer had an office and did not require claimant to work out of her home. John Narducci confirmed that once employer had an office, claimant was not required to perform work at home.

On the morning of December 22, 1994, claimant made several business-related telephone calls from her home before being picked up by the Narduccis. She called to ensure that certain bonding papers were sent to the company and that no employees walked off of a jobsite and that the needed materials were on site. During the ride to work, the Narduccis and claimant discussed the upcoming company Christmas party and other business-related issues. While in route to the office, the Narduccis' vehicle was involved in an accident with a tractor trailer. Claimant, who was an unrestrained back seat passenger, felt some neck pain, which grew increasingly worse over the next several days.

The "coming and going" rule provides that an injury incurred while travelling to and from the workplace is generally not compensable. See Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190, 355 S.E.2d 347, 347 (1987). However, there are three exceptions to the general rule:

> "First: Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.
>
> Second: Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer.

> Third:  Where the employee on his
> way to or from work is still
> charged with some duty or task in
> connection with his employment."

Id. at 191, 355 S.E.2d at 347-48 (quoting Kent v.

Virginia-Carolina Chem. Co., 143 Va. 62, 66, 129 S.E. 330, 332

(1925)).  Claimant bore the burden to prove that one of these

exceptions to the general rule applied to her claim.  See Sentara

Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 430

(1992) (en banc).  Unless we can say as a matter of law that

claimant's evidence sustained her burden of proof, the

commission's findings are binding and conclusive upon us.  See

Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d

833, 835 (1970).

There was no dispute that claimant and the Narduccis were

riding in the Narduccis' car on the way to work at employer's

office when claimant was injured.  Thus, the claim fell within

the "coming and going" rule unless one of the exceptions applied

to it.  The commission found that claimant's evidence failed to

prove that her claim fell within one of the exceptions, noting

that all parties agreed that claimant was responsible for

providing her own transportation to and from work on a regular

basis.  Claimant contends that the first and third exceptions

apply to her claim.

With respect to the first exception, the commission found,

based upon its evaluation of the credibility of the witnesses,

that "claimant requested the ride because her vehicle was inoperable." It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Thus, we will not disturb that finding on appeal. Based upon the conflicting reasons given by claimant for riding with the Narduccis to work and the Narduccis' testimony, the commission, as fact finder, was entitled to conclude that the Narduccis provided claimant a ride to work as a favor to her because her car was broken down, not in furtherance of the employer's interests.

With respect to the third exception, the commission rejected claimant's argument that she was performing a work-related task on her way to work as a result of her conversations with the Narduccis. The commission also rejected claimant's assertion that her work at home before being picked up by the Narduccis somehow brought her claim within the purview of the third exception. We find no error in the commission's determination that "casual work conversation" on the way to work does not constitute being specifically charged with a work-related duty or task while on the way to work. In addition, the Narduccis' testimony, which the commission was entitled to accept, supports its finding that as of the date of her injury, claimant was expected to perform her duties at employer's office, rather than her home.

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained her burden of proving that her claim fell within one of the exceptions to the "coming and going" rule.  Accordingly, we cannot say that the commission erred in finding that claimant failed to prove that her December 22, 1994 injury by accident arose out of her employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.