COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


FEDERAL EXPRESS CORPORATION

                                           MEMORANDUM OPINION*
v.    Record No. 1947-99-2                     PER CURIAM
                                            DECEMBER 21, 1999
CONNIE T. KLYVER


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Roger L. Williams; John T. Cornett, Jr.;
            Williams, Lynch & Whitt, on brief), for
            appellant.

            (B. Mayes Marks, Jr.; Marks and Williams,
            P.C., on brief), for appellee.



     Federal Express Corporation (employer) contends that the

Workers' Compensation Commission erred in (1) finding that

employer failed to prove that Connie T. Klyver was able to

return to her pre-injury work as of August 6, 1998; (2) finding

that Dr. Howard Stern's August 6, 1998 examination of Klyver

constituted a second independent medical examination which

required authorization under Code § 65.2-607; (3) finding that

Klyver's compensable back injury rather than her unrelated knee

injury continued to disable her from returning to her pre-injury

employment; and (4) failing to address the issue of whether

Klyver unjustifiably refused medical treatment as a result of

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

her inability to continue work hardening due to her knee condition. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer's evidence sustained its burden of proof. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

I.

On July 28, 1998, Dr. Sheryll A. Bryan, Klyver's treating physician, who diagnosed Klyver as suffering from chronic sacroiliac joint dysfunction, opined that Klyver could not return to her pre-injury work as a courier and that she would need to consider other job options. On August 20, 1998, Dr. Bryan confirmed that Klyver's low back problem was due to her compensable March 20, 1997 injury by accident and that Klyver

-

was not capable of returning to her pre-injury job as a courier due to her low back problems.

Dr. Bryan referred Klyver to Sheltering Arms Hospital for work hardening. Dr. Katherine Dec, who followed Klyver during the work hardening program, noted that as of July 23, 1998, Klyver continued to suffer from right SI joint dysfunction, for which she should follow-up with Dr. Bryan.

Dr. W.E. Thompson performed an independent medical examination of Klyver at the request of employer on April 17, 1998. Dr. Thompson concluded that Klyver would benefit from completing the work hardening program and that she should be able to return to unrestricted work upon completion of such a program.

On August 6, 1998, Dr. Stern examined Klyver at employer's request. Although Klyver would not allow Dr. Stern to examine her back because she understood that the examination was to be limited to her knee problem, Dr. Stern concluded that Klyver's back had reached maximum medical improvement and that she could return to her pre-injury work as a courier. Dr. Stern believed he possessed enough information based upon Klyver's medical records to render an opinion to a reasonable degree of medical certainty regarding her ability to return to work with respect to her back condition.

In denying employer's application to terminate Klyver's award, the commission accepted the opinions of Drs. Bryan and

-

Dec and rejected the contrary opinion of Dr. Stern. In so holding, the commission found as follows:

> Dr. Stern examined [Klyver] on one occasion. He was not allowed to examine [her] lower back. Because this was a second independent evaluation, [Klyver] was within her rights to decline such evaluation. In his deposition testimony, [Dr. Stern] indicated that his decision was based on [Klyver's] diagnostic testing and medical reports from other physicians. He did note that there was some objective evidence; however, whether [Klyver] had pain on any given day would not change his opinion.
>
> We find far more persuasive the reports of Dr. O'Bryan [sic], [Klyver's] treating physician, including the August 20, 1998, response to the carrier and the notes of Dr. Dec contained in the Sheltering Arms reports. These physicians had the opportunity to examine [Klyver] completely and to review the same diagnostic studies and medical reports as Dr. Stern. They have been actively involved in [Klyver's] treatment. We find their opinion that [Klyver] is currently unable to return to her regular employment as a courier with [employer] far more persuasive than Dr. Stern's, who relied on their reports to reach his conclusion.

The commission articulated legitimate reasons for giving little probative weight to Dr. Stern's opinion. In light of these reasons and the opinions of Drs. Bryan and Dec, the commission was entitled to conclude that the opinions of Drs. Stern and Thompson did not constitute sufficient evidence to prove that Klyver was capable of performing her pre-injury employment. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."

-

Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, the opinions and medical records of Drs. Bryan and Dec support the commission's conclusion that "[w]hile [Klyver] may also have experienced a knee injury, the weight of the evidence is that her back continues to disable her from returning to her regular employment."

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of August 6, 1998 Klyver was capable of returning to her pre-injury employment.

## II.

Employer requests that we reverse the commission's finding that Dr. Stern's examination constituted a second independent medical examination which required prior approval from the commission pursuant to Code § 65.2-607.

Even though the commission found Dr. Stern's examination was not properly authorized, it considered Dr. Stern's medical reports in their entirety, along with the remaining medical records. By doing so, the commission rendered this issue moot. Accordingly, we will not address it. This Court does not render advisory opinions on moot questions. See Commonwealth v. Harley, 256 Va. 216, 219, 504 S.E.2d 852, 854 (1998).

-

III.

Employer did not request at the hearing before the deputy commissioner or on review before the full commission that Klyver's benefits be terminated or suspended on the ground that she had refused medical treatment because she was removed from work hardening due to her knee injury.[1]  Accordingly, we will not consider this theory of recovery for the first time on appeal. See Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987); Rule 5A:18.

For these reasons, we affirm the commission's decision. Klyver's request that the costs of this proceeding be assessed against employer is granted.

Affirmed.

---

[1] We note that on the August 18, 1998 Employer's Application for Hearing, employer indicated that Klyver was taken out of work hardening due to an unrelated knee problem as of July 24, 1998.  However, employer did not indicate that Klyver had refused medical treatment and did not raise this issue at the hearing before the deputy commissioner or upon review to the full commission.

-