COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


LAWRENCE ALPHONSO PENN, JR.
                                        MEMORANDUM OPINION*
v.    Record No. 1262-00-3                  PER CURIAM
                                         OCTOBER 3, 2000
J & J SOUTHEAST AND
 GEORGIA PACIFIC CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert A. Williams; Williams, Luck &
            Williams, on brief), for appellant.

            (Robert M. Himmel; Patsy L. Mundy; Sands,
            Anderson, Marks & Miller, on brief), for
            appellees.


     Lawrence Alphonso Penn, Jr. (claimant) contends that the

Workers' Compensation Commission erred in finding that his

application alleging a change in condition was barred by the

applicable statute of limitations contained in Code § 65.2-708.

Claimant asserts that (1) the action of the commission in

printing and distributing the pamphlet, "A Guide to Workers'

Compensation for Employees" was tantamount to equitable

estoppel; and (2) the commission erred in not applying the

principle of imposition.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

The undisputed facts proved that on September 16, 1993, claimant sustained an injury by accident to his lower back. Employer accepted the claim as compensable and the parties submitted memoranda of agreement, for which the commission entered various awards for periods of temporary total and partial disability.  Claimant was last paid compensation pursuant to an award on September 18, 1994.

On June 5, 1995, claimant filed a Claim for Benefits seeking payment of lifetime medical benefits and "payment of wages during related reoccurrence."  By letter dated June 7, 1995, an Assistant Claims Examiner rejected the claim and informed claimant that he had already been awarded lifetime medical benefits and that the commission could not consider a claim for anticipatory wage loss which may or may not occur in the future.  The Assistant Claims Examiner also advised claimant as follows:

> You have two years from the date you were last paid compensation pursuant to an award of the Commission to make a claim for additional benefits.  According to the Commission's file, you were last paid through September 18, 1994.  Therefore, you have until September 18, 1996 to make claim for additional lost time.

No communication between claimant and the commission occurred between June 1995 and June 1999.  On June 28, 1999,

-

claimant filed another Claim for Benefits asserting a change in condition and seeking temporary total disability benefits for the period from June 27, 1997 through July 7, 1997.

Claimant testified that after he returned to work in 1994, he continued to have problems with his back and missed intermittent days from work due to those problems. However, he did not file a change-in-condition application before June 28, 1999 because of his interpretation of the following portion of the Workers' Compensation Guide sent to him by the commission shortly after his September 1993 accident:

> If after returning to work, you are again disabled, you must file a claim within two years of the date for which you were last paid compensation under an award. (This is called a "change in condition.") Payment only goes back 90 days from the date of filing with the Commission.

Claimant, who has attended several years of college, testified that he interpreted the term "disabled" to mean unable to work for "[a] long term period," rather than on intermittent days. He believed that his occasional absences from work did not constitute changes in condition, and, therefore, he did not file a claim within two years of the last day for which he was paid compensation. He admitted that he did not confirm his interpretation of the pamphlet by either contacting the commission or consulting with an attorney.

The deputy commissioner denied the claim for failure to file it within two years from the date that compensation was

-

last paid as required by Code § 65.2-708. On review before the full commission, claimant argued for reversal of the deputy commissioner's decision on the ground that his June 28, 1999 claim alleging a change in condition should be allowed on the ground that the workers' compensation pamphlet contained misleading information upon which he relied, causing him not to file a timely claim. Claimant also argued that Code § 65.2-708 created some type of fiduciary or special relationship between the commission and claimant because it allowed the commission to file a change-in-condition application on its own motion to protect claimant's rights where he had sustained a change in condition. The full commission rejected these arguments and affirmed the deputy commissioner's decision.

On appeal to this Court, claimant argues that the printing and distributing of the pamphlet by the commission was tantamount to "equitable estoppel" and that the commission should have applied the doctrine of "imposition" to save his untimely claim. Claimant did not raise either of these arguments before the deputy commissioner or in his written statement filed on review before the full commission. Any theory of recovery or argument not raised before the commission will not be considered by this Court for the first time on appeal. See Rule 5A:18; see also Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987). Accordingly, we will not consider these arguments for the first

-

time on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>