COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


COMMONWEALTH OF VIRGINIA,
 UNINSURED EMPLOYER'S FUND

                                        MEMORANDUM OPINION*
v.    Record No. 1744-01-1                  PER CURIAM
                                         NOVEMBER 6, 2001
TIMOTHY J. BAUMAN AND
 LEON M. LOVINGS/
 LOVINGS VINYL & SIDING


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Randolph A. Beales, Attorney General;
            John J. Beall, Jr., Senior Assistant Attorney
            General; Christopher D. Eib, Assistant
            Attorney General; Cheryl A. Wilkerson,
            Assistant Attorney General, on briefs), for
            appellant.

            (Craig B. Davis; Geoffrey R. McDonald &
            Associates, on brief), for appellee
            Timothy J. Bauman.

            No brief for appellee Leon M. Lovings/
            Lovings Vinyl & Siding.


     Commonwealth of Virginia, Uninsured Employer's Fund ("the

Fund") contends that the Workers' Compensation Commission erred

in finding that Timothy J. Bauman (claimant) proved that his

March 7, 1999 injury by accident occurred in the course of his

employment with Leon M. Lovings/Lovings Vinyl & Siding

(employer).  Upon reviewing the record and the briefs of the

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Fund and claimant, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

Whether an injury arose out of and in the course of employment is a mixed question of law and fact, properly reviewable on appeal. Dublin Garment Co. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On March 7, 1999, claimant was injured in a motor vehicle accident which occurred while he was driving his employer's truck. Immediately before the accident, claimant had picked up a co-worker, Ishom "Buck" Harris. At the time of the accident, claimant and Harris were on their way to pick up Leon M. Lovings, Jr., claimant's employer, at his home, and then they planned to drive to the work site. Claimant had been working for employer for approximately two months at the time of the accident. Employer's business involved residential renovation.

Claimant was the only worker employed by Lovings, including Lovings, who possessed a driver's license. Claimant and Lovings agreed that claimant would keep employer's company truck at his home and use it to pick up Lovings and other workers to travel to and from work sites. The truck was also used to carry tools owned by various workers and employer. Claimant maintained the

-

truck, but Lovings reimbursed claimant for repair costs. Lovings also paid for most gasoline expenses.

Claimant regularly picked up Lovings from his home and drove him to the work sites. In addition, Lovings allowed claimant to transport Harris to and from the work sites in the truck. Claimant was permitted to use the truck after work hours for other purposes for his convenience.

Harris testified that on a routine work day, claimant would pick him up in the morning and they would travel to Lovings' house. Once there, they would pick up the tools and Lovings and then go to the job site. Harris testified that at the end of the work day, he and claimant would drop off the tools, claimant would take Harris home, and then claimant would go home. Harris paid claimant ten dollars per week for his share of the gasoline expenses.

Lovings agreed that claimant was "basically the designated driver" and that providing the truck to him was a kind of "perk." Lovings testified that it was up to claimant whether he wanted to pick up Harris and that claimant was supposed to work out arrangements with Harris with regard to gasoline expenses.

The "coming and going" rule provides that an injury incurred while travelling to and from the workplace is generally not compensable. See Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 190-91, 355 S.E.2d 347, 347 (1987). However, there are three exceptions to the general rule:

-

> "First:  Where in going to and from work the
> means of transportation is provided by the
> employer or the time consumed is paid for or
> included in the wages.
>
> Second:  Where the way used is the sole and
> exclusive way of ingress and egress with no
> other way, or where the way of ingress and
> egress is constructed by the employer.
>
> Third:  Where the employee on his way to or
> from work is still charged with some duty or
> task in connection with his employment."

Id. at 191, 355 S.E.2d at 348 (quoting Kent v. Virginia-Carolina

Chem. Co., 143 Va. 62, 66, 129 S.E. 330, 332 (1925)).

With respect to the first exception, the Supreme Court has

stated that

> an injury sustained by a workman who is
> provided with transportation when going to
> and from his work, is considered as arising
> out of his employment when such
> transportation is the result of an express
> or implied agreement between the employer
> and his employee; or where the
> transportation is furnished by custom to the
> extent that it is incidental to and part of
> the contract of employment; or when it is
> the result of a continued practice in the
> course of the employer's business which is
> beneficial to both the employer and the
> employee.

Bristow v. Cross, 210 Va. 718, 720-21, 173 S.E.2d 815, 816

(1970).

In ruling that claimant's evidence proved that the first

exception to the general rule applied to his claim, the

commission found as follows:

> Although the claimant drove his wife's
> car to work "a couple of times," this became

-

inconvenient, and the employer and claimant worked out an arrangement whereby the claimant could drive the [truck] to and from his home to work. The employer was aware that the claimant would drive the truck to work on the morning of the accident. The employer paid for maintenance on the vehicle and for gas. Harris, a co-worker, also helped to provide gas money.

The claimant was the only worker, including the employer, with a driver's license. Therefore, the claimant was the only means of transportation for any of the workers to the work sites. Every morning, the claimant would pick up Harris and the employer and drive them to the work site. This arrangement was mutually beneficial to both the employer and the claimant. It was convenient for the claimant in that he did not have to use his wife's car or have her drop him off every morning and it eliminated his expenses in going to and from Lovings' home. It facilitated the business interests of the employer, ensuring that the vehicle, which carrying [sic] supplies, would be present at the work site, and ensuring that the workers, including the employer, who did not have driver's [sic] licenses, would be present at work.

The commission's factual findings are supported by credible evidence, including the testimony of claimant, Harris, and Lovings. Based upon these findings, the commission could reasonably infer that "the provision of transportation to the [claimant] was the result of an agreement or custom which benefited both the employer and employee. The employer provided transportation under circumstances which would meet the requirements of the first exception to the going and coming rule . . . ."

Because claimant's evidence met his burden of proving that the first exception to the coming and going rule applied to his claim, the commission did not err in finding that claimant met his burden of proving that his injury by accident arose out of and in the course of his employment.  Accordingly, we affirm the commission's decision.

Affirmed.