COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


MYRTIS SAMPLE
                                        MEMORANDUM OPINION*
v.    Record No. 2120-02-1                  PER CURIAM
                                         DECEMBER 31, 2002
McDONALDS STORE #04693 AND
 EMPLOYERS INSURANCE OF WAUSAU


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Sidney H. Kelsey, Jr.; Kelsey & Associates,
            P.C., on briefs), for appellant.

            (Robert A. Rapaport; Jennifer G. Tatum;
            Clarke, Dolph, Rapaport, Hardy & Hull,
            P.L.C., on brief), for appellees.


     Myrtis Sample (claimant) contends her due process rights

were violated when (1) the Workers' Compensation Commission held

the March 7, 2002 hearing on employer's application to suspend

benefits in claimant's absence; (2) she suffered ineffective

assistance of counsel with respect to notice because her counsel

violated Rule 1:5 of the Rules of the Supreme Court of Virginia

and Rule 1.16 of Part 6-II, Virginia Rules of Professional

Conduct[1]; and (3) the proffered evidence attached to her brief

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Claimant did not argue that her attorney violated Rules
1:5 and 1.16 before the commission.  Accordingly, we will not
address that argument on appeal.  See Kendrick v. Nationwide
Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987);
Rule 5A:18.

would have demonstrated that she had a defense to employer's application had she been given the opportunity to prepare her defense or employ new counsel. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

> "Due process is flexible and calls for such procedural protections as the particular situation demands." It is well settled that
>
>> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.
>
>> "Pleading requirements in administrative proceedings before [the commission] are traditionally more informal than judicial proceedings." However, the commission must use procedures that "afford the parties minimal due process safeguards."

WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 227, 494 S.E.2d 147, 150 (1997) (citations omitted).

In rejecting claimant's argument that she was denied due process because she was unaware of the March 7, 2002 hearing, and unaware of her attorney's withdrawal from the case prior to the hearing, the commission found as follows:

> [C]laimant's official address of record appears to be, and seems to have consistently been, Post Office Box 564,

Painter, Virginia 23420. This is the address to which all Commission communications have been sent, and the address to which the employer's vocational rehabilitation specialist posted all communications. Certified mail sent to that address has been retrieved, regular mail sent that address has not been returned, and there is no allegation before us that this address is in any way deficient.

Therefore, we presume that the claimant received independent notice of the employer's application, filed in July 2001, and received her own copy of the Commission's January 17, 2002 Notice of Hearing - - advising that a hearing was scheduled for March 17 [sic], 2002. While the claimant's new attorney suggests that his client was unaware of the hearing, there is no allegation that his client did not receive the Commission's notice, and no explanation for her lack of notice if she did, in fact, receive her copy of the Commission's Notice of Hearing.

While we understand that the claimant may have had a difference of opinion with her prior attorney, it fails to justify her failure to communicate with the Commission prior to the hearing on March 7, 2002. It is apparent from the written statements before us that the claimant and her prior counsel decided to part ways at least several days - - and perhaps much longer - - before the scheduled hearing. Despite receiving the Commission's Notice of Hearing in January advising of the hearing in March, the claimant apparently did not attempt to retain other counsel, or seek a continuance to do so, prior to the hearing. Under those circumstances, a continuance would almost certainly have been granted.

We also note that the claimant has failed to proffer any evidence, or advance any argument that she might have brought forth at the hearing to defend against the employer's application. . . . Therefore,

> the Commission has no basis from which to conclude that the claimant was in any way prejudiced by holding the evidentiary hearing in her absence.

Based upon these findings, the commission held that claimant's assertion that she lacked notice of the hearing was not credible and that she failed to prove she was prejudiced by the deputy commissioner's denial of a new hearing. The commission concluded, "claimant fired her counsel three or four days before the hearing, failed to contact the Commission, failed to ask for a continuance and failed to appear at the hearing."

Credible evidence supports the commission's findings. Based upon this record, the commission could reasonably infer that claimant had notice of the March 7, 2001 hearing when she fired her attorney a few days before the hearing. Thus, claimant was provided with "minimal due process safeguards" by being given notice and an opportunity to appear and be heard on March 7, 2001. She did not avail herself of that opportunity. Moreover, she failed to proffer evidence to the commission to establish that she suffered prejudice due to holding the hearing on March 7, 2001 in her absence. We will not consider such a proffer for the first time on appeal. See Rule 5A:18.

For these reasons, we affirm the commission's decision.

Affirmed.