COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


DUANE C. CASADA AND
 VANLINER INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 1228-03-1                 PER CURIAM
                                         SEPTEMBER 23, 2003
DUANE C. CASADA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (S. Vernon Priddy III; P. Dawn Bishop; Sands
                Anderson Marks & Miller, on brief), for
                appellants.

                (Keith Loren Kimball; Colgan, Kimball &
                Carnes, on brief), for appellee.


     Duane C. Casada and Vanliner Insurance Company (hereinafter

jointly referred to as "the employer") contend the Workers'

Compensation Commission erred in finding that (1) the employer

did not raise the defense of unjustified refusal of selective

employment at the hearing before the deputy commissioner;

(2) Casada did not refuse selective employment when he was

terminated from his police dispatcher's job for making a

mistake; and (3) Casada was entitled to an award of continuing

temporary partial disability benefits after July 26, 2001 based

upon his average weekly wage in his animal control job.

Pursuant to Rule 5A:21, Casada contends the employer is estopped

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

from arguing that Casada unjustifiably refused selective employment. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the employer indicated in the "PREHEARING STATEMENT" that it was defending on the grounds that Casada was not entitled to temporary total disability benefits or temporary partial disability benefits after July 26, 2001 "due to failure to market, failure to adequately market, in that he has not found job comparable to one carrier found and/or has failed to market job skills as required by National Linen v. McGuinn, current back problems not causally related." Consistent with that statement, the deputy commissioner noted in his July 8, 2002 opinion that the employer defended Casada's application on the ground that Casada failed to make reasonable efforts to market his residual work capacity. On its review, the commission found that the employer did not raise unjustified refusal of selective employment as a defense during the hearing.[1]

---

[1] On appeal, the employer does not challenge the commission's finding that Casada proved by a preponderance of the evidence that he adequately marketed his residual work capacity after July 26, 2001. Accordingly, we will not address

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The record discloses that the employer made no reference to unjustified refusal of selective employment in either its "PREHEARING STATEMENT" or at the hearing on Casada's application. The employer's defense was that Casada had failed to market his residual work capacity in obtaining the animal control job. In addition, the record supports the commission's finding that the employer stipulated that Casada was entitled to increased temporary partial disability benefits during his employment as a police dispatcher from May, 2000 until July 26, 2001. The commission could reasonably infer from the employer's stipulation that the employer "tacitly agreed that there was no unjustified refusal of selective employment." As the finder of fact, "[t]he commission was privileged to draw a reasonable inference from the evidence." Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 333, 437 S.E.2d 205, 209 (1993). When the commission does so, "[t]hat action . . . is a finding of fact subject to the credible evidence standard." Id. Accordingly, we hold that the record supports the commission's finding that the employer did not raise the defense of unjustified refusal of selective employment. Credible evidence supports the finding and the inference drawn by the commission.

that finding on this appeal. - 3 -

In its second and third questions presented, the employer contends that Casada unjustifiably refused selective employment when he was terminated from his police dispatcher job and that he failed to "cure" this refusal under Code § 65.2-510 when he replaced that job with his part-time animal control job. Thus, the employer contends that the commission erred in awarding temporary partial disability benefits to Casada after July 26, 2001 based upon his average weekly wage in his animal control job.

On review before the commission, however, the employer's sole argument in its responsive written statement to the commission was that the deputy commissioner correctly found that Casada unjustifiably refused selective employment procured for him by employer with GTS Limousines in Virginia by relocating to Arkansas. We note that the commission observed in a footnote "that there is no evidence in the record showing the job with GTS Limousines was offered by the employer . . . so as to support a claim of unjustified refusal." The record supports that finding. Moreover, because the record supports the commission's finding that the employer did not raise the issue of unjustified refusal of selective employment as a defense to Casada's application, we will not consider it on appeal. See Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987); Rule 5A:18.

For these reasons, we need not address the additional question raised by Casada and we affirm the commission's decision.

Affirmed.