COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


MATTHEW WILLIAM NEWBERGER

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2265-04-4                              PER CURIAM
                                                      FEBRUARY 8, 2005
TRAVILIAN HOMES, INC. AND
  ERIE INSURANCE EXCHANGE


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Dean E. Wanderer; Dean E. Wanderer & Associates, on brief), for
              appellant.

              (Daniel E. Lynch; John T. Cornett, Jr.; Williams & Lynch, on brief),
              for appellees.


        Matthew William Newberger (claimant) appeals a decision of the Workers'

Compensation Commission finding that he failed to prove that his condition/disability after

December 9, 2002, was causally related to his compensable October 31, 2002 injury by accident.

We have reviewed the record and the commission's opinion and find no reversible error.

Accordingly, we affirm for the reasons stated by the commission in its final opinion. See

Newberger v. Travilian Homes, Inc., VWC File No. 214-56-01 (Aug. 23, 2004). We dispense

with oral argument and summarily affirm because the facts and legal contentions are adequately

---

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

presented in the materials before the Court and argument would not aid the decisional process.

<u>See</u> Code § 17.1-403; Rule 5A:27.[1]

<u>Affirmed.</u>

---

[1]Claimant also argues on appeal that he was entitled to a de facto award and the burden of proof should have shifted to employer to show that his condition had changed from that of total or partial disability.  Claimant did not raise this argument or theory of recovery before the commission.  Accordingly, we will not consider it for the first time on appeal.  <u>See</u> Rule 5A:18; <u>see</u> <u>also</u> <u>Kendrick v. Nationwide Homes, Inc.</u>, 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.