**Norfolk**

FOOD LION, INC.,

and

ALEXSIS RISK MANAGEMENT SERVICES, INC.

v.

ROBERT J. LEE

No. 1301-92-1

Decided June 22, 1993

COUNSEL

Daniel E. Lynch (Williams, Butler & Pierce, on brief), for appellant.

George T. Albiston (Breit Drescher & Breit, on brief), for appellee.

OPINION

**BENTON, J.**—Food Lion, Inc., appeals from a decision reinstating compensation benefits to Robert J. Lee. Food Lion contends that the commission erred (1) in implicitly affirming the deputy commissioner's finding that Food Lion's offer of light duty employment to Lee was not *bona fide* and was not made in good faith, and (2) in finding that Lee's refusal of light duty employment was justified. We affirm the commission's award.

## I.

The evidence proved that Lee was injured in a work-related injury in 1988 while employed with Food Lion. Upon the advice of his physicians, Lee moved to Florida for health reasons in June, 1990. Food Lion provided rehabilitation counseling services to Lee in Florida. Lee, however, was unable to find employment. Lee was forced to return to Chesapeake, Virginia in December, 1990, when the tenants who leased his home defaulted on their payments. When Lee returned to Virginia, his mortgage payments were delinquent and he sought to

forestall foreclosure. However, Lee received a foreclosure notice in April, 1991, requiring him to vacate the house by June, 1991.

In April, 1991, Lee began discussing his financial problems and the foreclosure of his home with Ramanee Miller, the rehabilitation counselor employed by Food Lion's insurer to assist Lee. Lee informed Miller that because of his financial distress he needed to move either to Pennsylvania or North Carolina, places where he had family. Miller told Lee that he should select an area where Food Lion stores were located. Miller also advised Lee to discuss his move with Food Lion. Lee testified that Miller told him that she would relay to the insurance company the information concerning Lee's plans to move. Miller testified, however, that she informed Lee that he would need to contact the insurance company directly and inform them that he wanted to transfer.

In June, 1991, Lee decided to move to Holden Beach, North Carolina, where there were fourteen Food Lion stores within a thirty mile radius. Lee went to one of the Food Lion stores in Holden Beach and discussed with the store manager the possibility of performing the light duty employment that Food Lion was designing for him. Lee testified that the store in Holden Beach was similar to the store in Chesapeake and that the store manager expressed no objection to providing Lee selective employment in that store.

On July 27, 1991, Lee was offered light duty employment at a Food Lion store in Chesapeake, Virginia, to begin on August 5, 1991. Four days after he received the offer, Lee informed Food Lion's insurer of his impending move to Holden Beach, North Carolina and that he would not be able to accept their offer of employment in Chesapeake, Virginia. Lee indicated that he would be willing to perform the same position at a store in Holden Beach, North Carolina. Miller testified that the job offered to Lee could be performed in any Food Lion store, provided the job was offered to him. Food Lion paid Lee compensation through August 5, 1991, and filed an application for a hearing in which it alleged that Lee refused light duty work.

On this evidence, the deputy commissioner held that Food Lion's offer of employment was not *bona fide* and was not made in good faith and, further, that Lee had not unjustifiably refused the offer. On appeal, the commission did not address whether Food Lion acted in good faith or made a *bona fide* offer but, instead, held that Lee was justified in refusing the offer of selective employment.

## II.

Code § 65.2-510 was enacted by the legislature to encourage employers to procure employment suitable to partially incapacitated employees. *Big D Quality Homebuilders v. Hamilton*, 228 Va. 378, 381, 322 S.E.2d 839, 841 (1984). When the employer establishes that selective employment was offered to an employee that was within the employee's capacity to work, the employee bears the burden of establishing justification for refusing the offered employment. *American Furniture Co. v. Doane*, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985). Justification is not limited to a consideration of whether the employer offered the job in good faith. *Johnson v. Virginia Employment Comm'n*, 8 Va. App. 441, 452, 382 S.E.2d 476, 481 (1989).

(2) To support a finding of justification to refuse suitable selective employment, "the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work." *Id.* Furthermore, the determination of justification to refuse employment involves "a much broader inquiry than merely considering whether the intrinsic aspects of the job are acceptable to the prospective employee." *Id.* at 447, 382 S.E.2d at 478. Justification to refuse an offer of selective employment "may arise from factors totally independent of those criteria used to determine whether a job is suitable to a particular employee." *Id.*

Applying the accepted rules of appellate review, we construe the evidence in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." *Morris v. Badger Powhatan/Figgie Int'l, Inc.*, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). The commission made the following finding:

> While the job offer, itself, was clearly one within the physical capacity of the employee, the employer, through its representative, had been appropriately advised of Lee's plight and had actually advised him and recommended North Carolina as a prospective area for future employment opportunity with Food Lion.

The record contains credible evidence to support that finding. Lee's testimony states that he moved to North Carolina on the advice of the

rehabilitation counselor. She told him to move to an area where Food Lion operated stores. Lee also testified that the counselor informed him that she would notify Food Lion of his circumstances and need to move. Although the rehabilitation counselor confirmed that she discussed with Lee his finances and need to move, she denied that she said she would convey that information to Food Lion. The rehabilitation counselor testified, however, that she assisted Food Lion in creating a position for Lee in the Chesapeake store. She did this at a time when she knew Lee was moving to North Carolina.

In finding that Lee did not unjustifiably refuse the offer, the commission appropriately considered Lee's need to move and the advice conveyed by the rehabilitation counselor. Significantly, the rehabilitation counselor also testified that the selective employment could be available at any Food Lion store. The job was "customized for . . . Lee" and could have been created at any of the stores "[a]s long as they offered him the job."

Upon this record, we conclude that Lee put forward "real and substantial reasons for [his] refusal" to accept the suitable employment. *Johnson*, 8 Va. App. at 452, 382 S.E.2d at 481. Accordingly, credible evidence supports the commission's determination that Lee did not unjustifiably refuse the offer of selective employment.

*Affirmed.*

Baker, J., and Barrow, J., concurred.