COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Salem, Virginia


TULTEX CORPORATION

v.   Record No. 0382-95-3          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
KIMBERLY S. BROWN                        JANUARY 30, 1996


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Gregory T. Casker (Martha White Medley;
         Daniel, Vaughan, Medley & Smitherman, P.C.,
         on brief), for appellant.

         Rhonda L. Overstreet (Law Offices of Gary L.
         Lumsden, on brief), for appellee.


     Tultex Corporation appeals the Workers' Compensation

Commission's decision awarding the claimant temporary total

disability benefits following her refusal to report to a light

duty assignment.  We affirm the commission's decision.

     Kimberly S. Brown was a knitter at Tultex Corporation.  She

sustained a compensable injury to her knee on January 26, 1994.

On February 1, 1994, her treating physician approved her for work

in a "primary sitting job."  For much of the next several months,

Ms. Brown performed light duty work as a freight elevator

operator at Tultex.  Ms. Brown testified that the job involved

both sitting and standing.

     As of April 21, 1994, the treating physician held Ms. Brown

out of work for further testing.  The test results were normal.

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On April 29, 1994, the physician examined Ms. Brown again and approved her for work effective May 2, 1994.

On May 2, Ms. Brown did not come in to perform the freight elevator job. She claimed that she was unable to work because her knee was swollen. Brown testified that the treating physician had told her she should not work if her knee was swollen to the point that she could not put weight on it. The claimant's attorney stipulated that the job was medically approved, and stated that the only question was whether Ms. Brown's refusal to work was justified. Ms. Brown was terminated from Tultex due to her failure to return to work, and began work with another employer on June 15, 1994.

The Court must construe the evidence in the light most favorable to the party prevailing below. R.G. Moore Building Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings of the commission will not be disturbed on appeal, if based on credible evidence. Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).

Where selective employment is refused, the employer has the burden to show that the position offered was within the employee's residual capacity. If the employer sustains this burden, the burden shifts to the employee to show that refusal of the employment was justified. American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985); Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).

The commission ruled that the employer failed to sustain its

burden of showing that the position offered was within the claimant's residual capacity. We disagree. The claimant stipulated that a medically approved job was offered as of April 29, a Friday. The physician approved the claimant to begin work on May 2nd, the following Monday. This evidence, undisputed by the claimant, is sufficient to meet the employer's burden.

The burden then shifted to the claimant to show that she was unable to perform the light duty job on May 2nd. Ms. Brown testified that she was following her doctor's instructions by refusing to work because her knee was swollen. Although this testimony would appear at odds with the doctor's filed reports, we cannot say as a matter of law that her testimony was incredible and that the commission could not have believed her explanation. Viewing the evidence in the light most favorable to the claimant, the commission's decision that Ms. Brown was justified in refusing to work on May 2nd is supported by credible evidence. Accordingly, we affirm the commission's award.

<u>Affirmed.</u>