COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


TIDEWATER CONSTRUCTION CORPORATION
and
LIBERTY MUTUAL INSURANCE COMPANY        MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
v.        Record No. 0806-96-1        NOVEMBER 12, 1996

WILLIAM H. PRETLOW


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        R. Ferrell Newman (Thompson, Smithers, Newman &
        Wade, on brief), for appellants.

        Gerald G. Poindexter (Poindexter & Brown, on
        brief), for appellee.


     Tidewater Construction and Liberty Mutual Insurance Company

(jointly referred to herein as employer) appeal from a decision

of the Workers' Compensation Commission (commission) contained in

a review opinion issued on March 18, 1996.  In that opinion, the

commission found that William H. Pretlow (claimant) was

incompetent at the time he compromised his claim for injuries

received on February 1, 1991 during the course of his employment

with employer.  Employer first contends that the commission erred

when it held that retired Deputy Commissioner Yates (Yates) was

wrongfully permitted to testify before fellow Deputy Commissioner

Hayes concerning issues Yates had considered in his capacity as a

deputy commissioner prior to his retirement.  In relevant part,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 19.2-271 provides:

> **Certain judicial officers incompetent to testify under certain circumstances.** -- No judge shall be competent to testify in any criminal or civil proceeding as to any matter which came before him in the course of his official duties.
>
> No clerk of any court, magistrate, or other person having the power to issue warrants, shall be competent to testify in any criminal or civil proceeding, except proceedings wherein the defendant is charged with perjury, as to any matter which came before him in the course of his official duties.

We hold that a deputy commissioner employed by the commission is an "other person," prohibited by that code section from testifying as to any matter which came before him in the course of his official duties. Therefore, we hold that Yates was prohibited from testifying in the hearing held by Hayes, and that the commission did not err when it declined to consider Yates' testimony.

Employer further asserts that the commission erred in finding that there existed "clear and convincing" evidence of claimant's incompetence at the time he executed a settlement agreement approved by Yates in an order entered on October 9, 1991.

On appellate review, the Court will construe the evidence in the light most favorable to the prevailing party below. <u>States Roofing Corp. v. Bush Constr. Corp.</u>, 15 Va. App. 613, 616, 426 S.E.2d 124, 126 (1993) (citing <u>Crisp v. Brown's Tysons Corner</u>

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

On October 29, 1991, relatives of claimant filed a petition with the commission requesting that the commission vacate the order approving the October 9, 1991 settlement. The commission granted that request.

The record before us discloses that claimant approved a settlement of his compensation claim presented to him by Liberty Mutual Insurance Company's claims adjuster, George Townsend. Approximately two weeks subsequent to the approval of the settlement, claimant was discovered by his nephew, Al Bell (Bell), to have suffered a psychological breakdown. Bell found the uncashed settlement check in claimant's apartment. Claimant did not understand the terms of the settlement and was concerned he had done something wrong. Claimant was hospitalized in a "psychotic state" and came under the care of Dr. James A. Shield, a psychiatrist. In claimant's records, Dr. Shield noted:

> History is obtained from nurse Connerrn [sic] that his grooming had deteriorated in the last three months . . . . He's been reclusive for years, he only works on temporary jobs at times, he does not have any immediate wife or

children and has really been mentally abnormal for many years.

Dr. Shield offered a diagnosis of schizophrenia as well as schizoid personality. He noted claimant's massive obesity, hypertension, and that claimant's "[h]ighest level of adaptive function in the past year" was considered to be "[p]oor," with "severe, catastrophic" psychosocial stressors. At a later hearing Dr. Shield testified, "I would not trust him independently to be a contractor on a sophisticated legal question in the month prior to his admission."

Based upon a consultative psychiatric evaluation of claimant on August 5, 1992, Dr. Fred C. Dalton diagnosed paranoid schizophrenia and added that claimant's functioning level was the same over the past year although practically zero when hospitalized. Dr. Merritt W. Foster, Jr., M.D., a psychiatrist who reviewed claimant's records but did not talk to or examine him, concluded that "[claimant] would have been able to understand the nature and consequences of his actions up to a very brief period, probably less than a week, preceding his psychiatric hospitalization on October 22, 1991."

The conflicting evidence was decided favorably to claimant and, if sufficient to support the decision of the commission, is binding on appeal. See Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989); see also Cafaro Constr. Co. v. Strother, 15 Va. App. 656, 660, 426 S.E.2d 489, 491-92 (1993); City of Norfolk v. Lillard, 15 Va. App. 424,

429-30, 424 S.E.2d 243, 246 (1992).

We hold that there is sufficient credible evidence to support the commission's decision.  Accordingly, we affirm its decision to vacate the October 9, 1991 order.

<u>Affirmed.</u>