COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

SANDRA C. GRAHAM

MEMORANDUM OPINION*
v.    Record No. 1464-98-3                        PER CURIAM
DECEMBER 8, 1998
CONSOLIDATED STORES CORPORATION AND
 LUMBERMENS MUTUAL CASUALTY COMPANY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Easter P. Moses, on brief), for appellant.

(Thomas H. Miller; Monica L. Taylor; Gentry,
Locke, Rakes & Moore, on brief), for
appellees.


Sandra C. Graham ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that (1)

she unjustifiably refused a bona fide offer of selective

employment made to her by Consolidated Stores Corporation

("employer"); and (2) on review, she waived her argument that the

deputy commissioner erred in finding that she failed to make a

timely cure of her unjustified refusal of selective employment

pursuant to the provisions of Code § 65.2-510.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'"  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In the case of a refusal of selective employment, the employer has the burden to show that the position offered is within the employee's residual capacity.  If the employer sustains this burden, the burden shifts to the employee to show that refusal of employment was justified.  See American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985); Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).  "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'"  Id. (citation omitted).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that employer met its burden of proof and claimant failed to prove that she was justified in resigning from the light-duty job offered to her by employer, the commission agreed with the deputy commissioner's determination that claimant's testimony was not credible.  The commission found that "employer was ready, willing and able to accommodate the claimant's work restrictions and that her abandonment of the position was caused not by her inability to perform the work, but rather, by her mistaken belief that she could not coupled with her dissatisfaction with the Commission's April 18, 1995 Opinion."  In so ruling, the commission found as follows:

> [T]he claimant contests that the job was within her physical capacity, because the actual job offered to her was not consistent with the job description approved by Dr. [Brian A.] Torres [sic] since she lifted in excess of ten pounds, repetitively and strenuously used her left hand and had to bag merchandise.  However, we agree with the defendants that Dr. Torre approved such bagging according to his January 30, 1996, office note.  Moreover, it is apparent that the claimant brought her complaints about her arm and her job to the attention of her physicians who all sent her back to the work, constitutes their approval of the position offered.  The employer accommodated the changes in the claimant's work hours and also accommodated her by routinely permitting her to leave early after working only a fraction of her scheduled work with the admonition that she return to her doctor, a completely reasonable recommendation.

The medical records of Dr. Torre and Dr. Louis J. Castern support the commission's finding that employer proved that the selective employment offered to claimant was suitable to her

residual capacity. With respect to claimant's contention that the actual job duties of the selective employment violated her restrictions, the commission, in its role as fact finder, was entitled to reject claimant's testimony and to give more weight to the testimony of employer's witnesses and the opinions of claimant's treating physicians. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Thus, based upon the commission's credibility determination, the medical reports, and the testimony of employer's witnesses, we cannot find as a matter of law that claimant proved she was justified in resigning from the selective employment offered to her by employer.

II.

Rule 3.2 of the Rules of the Virginia Workers' Compensation Commission provides as follows:

> The Commission will advise the parties of the schedule for filing brief written statements supporting their respective positions. The statements shall address all errors assigned, with particular reference to those portions of the record which support a party's position.

(Emphasis added.) In applying Rule 3.2, the commission has consistently held that where a party assigns error to an issue in its request for review, but then does not argue that issue in its written statement, the issue may be deemed waived or abandoned. See Leon v. Lewis-Gale Clinic, 76 O.I.C. 350 (1997); Cruesenberry

- 4 -

v. Bristol Compressors, Inc., V.W.C. No. 151-41-04 (November 27, 1995); Gruner v. Northern Neck Transfer, Inc., V.W.C. No. 159-79-14 (May 17, 1994). We have recognized that the commission, "having the right to make and enforce rules, should also have the opportunity to construe its own rules. Consequently, our review is limited to a determination whether the commission's interpretation of its own rule was reasonable." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989) (citation omitted).

When a party raises an issue in a request for review, but subsequently fails to mention that issue or present argument relevant to that issue in the written statement, it is reasonable for the commission to conclude that the party no longer contests that issue or finding. No reason exists for the commission to address an issue on review which is not contested.

We find that the commission's interpretation of Rule 3.2 was reasonable. Accordingly, the commission did not err in ruling that claimant waived or abandoned the issue of whether she made a timely cure of her unjustified refusal of selective employment under the provisions of Code § 65.2-510, because she failed to address that issue in her written statement on review.

For these reasons, we affirm the commission's decision.

Affirmed.