COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


CYNTHIA KROHN
                                        MEMORANDUM OPINION*
v.    Record No. 2517-99-1                  PER CURIAM
                                         FEBRUARY 29, 2000
MARY IMMACULATE HOSPITAL AND
 THE VIRGINIA INSURANCE RECIPROCAL


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Robert J. Macbeth, Jr.; Rutter, Walsh,
               Mills & Rutter, L.L.P., on brief), for
               appellant.

               (Andrea L. Bailey; Crews & Hancock, P.L.C.,
               on brief), for appellees.


     Cynthia Krohn (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

unjustifiably refused an offer of selective employment made to

her by Mary Immaculate Hospital and its insurer (hereinafter

referred to as "employer") as provided in Code § 65.2-510.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In the case of a refusal of selective employment, the employer has the burden to show that the position offered is within the employee's residual capacity. If the employer sustains this burden, the burden shifts to the employee to show that refusal of employment was justified. See American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985); Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993). "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'" Id. (citation omitted). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In affirming the deputy commissioner's decision that claimant unjustifiably refused selective employment and suspending claimant's compensation benefits effective October 21, 1998, the full commission found as follows:

> Dr. [Mark B.] Kerner[, claimant's treating physician,] approved the job description provided by the vocational counselor. In his October 15, 1998, letter he reiterated his opinion that the claimant could perform the job described. Dr. Kerner did express reservations about the commute time and noted that the "amount of commute being required for this patient may be excessive." The claimant, however, has not shown that she is incapable of making the commute or that she has even tried to make the commute. Nor has she provided any evidence that she cannot drive. Her medical restrictions do not include a restriction on driving.

Dr. Kerner's medical records and his approval of the pre-admissions registered nurse job offered by employer to claimant support the commission's finding that employer proved that the selective employment it offered to claimant was suitable to her residual capacity. No evidence showed that claimant's ability to drive was restricted by Dr. Kerner when employer offered claimant selective employment. While Dr. Kerner noted claimant's concerns about the commute time and Dr. Kerner expressed his own concerns about claimant's ability to drive to and from work, he did not withdraw his previous approval of the job description or change claimant's medical restriction in any manner. In addition, claimant presented no

- 3 -

evidence that she was unable to drive to the location of the selective employment or that she had even attempted to do so.[1]

Finally, we find no merit in claimant's argument that she was entitled to refuse employer's offer of selective employment because she had less than two weeks in which to give notice to her current employer. The first time claimant raised this argument as justification for her refusal was in her written statement on review to the full commission. At the hearing before the deputy commissioner, claimant gave no explanation whatsoever as to why she refused employer's offer. In addition, there is no evidence in the record that claimant ever contacted employer after she received its offer of selective employment to ask for a different start date.

Based upon this record, we cannot find as a matter of law that claimant proved she was justified in refusing the selective employment offered to her by employer. Accordingly, we affirm the commission's decision.

Affirmed.

---

[1] Claimant's pre-injury wage was $628.99 per week. Her wage as of October 1998 before employer offered her selective employment was $263.28. The full-time pre-admissions registered nurse job offered by employer to claimant paid wages at least equal to her pre-injury wage.