COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


CLARENCE W. TRUAX, JR.
                                    MEMORANDUM OPINION*
v.    Record No. 0137-00-4              PER CURIAM
                                       JULY 18, 2000
WILLIAM A. HAZEL, INC. AND
 ROYAL INSURANCE COMPANY OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Clarence W. Truax, Jr., pro se, on brief).

             (Cathleen P. Welsh; Wharton, Aldhizer &
             Weaver, P.L.C., on brief), for appellees.


     Clarence W. Truax, Jr. (claimant) contends that the

Workers' Compensation Commission (commission) erred in finding

that he (1) unjustifiably refused selective employment offered

to him by William A. Hazel, Inc. (employer) on September 1,

1998; (2) unjustifiably refused necessary medical treatment by

Dr. Roger V. Gisolfi on September 29, 1998; and (3) was not

entitled to a change in treating physicians.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.


────────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See id. at 515, 382 S.E.2d at 488.

"When the employer establishes that selective employment was offered to an employee that was within the employee's capacity to work, the employee bears the burden of establishing justification for refusing the offered employment." Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993). "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'" Id. (citation omitted). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

-

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Here, it was undisputed that claimant's treating physician, Dr. Richard Gisolfi, released claimant to light-duty work effective August 24, 1998, with no restrictions upon his ability to drive. In addition, claimant admitted that employer contacted him and offered him selective employment in its Chantilly, Virginia office to begin on September 1, 1998. Claimant failed to report for the job. Before the commission, claimant did not dispute that the selective employment was within his restrictions. However, he contended that he was justified in refusing the job because he could not drive to work due to his pain. However, the evidence proved that Dr. Gisolfi made it clear at the time of claimant's refusal that claimant was physically capable of driving to work and that his medication would not prohibit him from driving.

The medical records and Dr. Gisolfi's opinions provide credible evidence to support the commission's finding that the selective employment offered to claimant was within his physical capacity. Moreover, based upon this record, we cannot find as a matter of law that claimant's evidence proved that he was justified in refusing such employment.

-

II.

The evidence proved that claimant knew he had an appointment with Dr. Gisolfi on September 29, 1998, which he failed to attend. Claimant's reason for failing to attend the appointment, that he could not drive, was not supported by his treating physician, who opined that there was no medical reason why claimant could not drive to the appointment. Moreover, although employer indicated that it would not provide transportation for claimant to the appointment, there was no evidence that employer refused to pay claimant for his transportation costs to attend the appointment, its only obligation under the Workers' Compensation Act and the circumstances of this case. The evidence showed that claimant never inquired of employer whether it would reimburse his transportation costs.

Based upon this record, we cannot find as a matter of law that claimant proved he was justified in failing to attend the appointment with Dr. Gisolfi.

III.

The deputy commissioner denied claimant's request for a change in treating physicians. Claimant did not argue on review before the full commission that the deputy commissioner erred in that determination. Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court. See Southwest Architectural Prods., Inc. v. Smith,

-

4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987); Rule 5A:18.

Accordingly, we cannot address this issue on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.