COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


ROCK CITY MECHANICAL, INC. AND
 AMERICAN ALLIANCE INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.   Record No. 2086-00-3                    PER CURIAM
                                          DECEMBER 19, 2000
THOMAS LEE BARRY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Daniel E. Lynch; John T. Cornett, Jr.;
            Williams & Lynch, on brief), for appellants.

            Daniel R. Bieger; Copeland, Molinary &
            Bieger, P.C., on brief), for appellee.


     Rock City Mechanical, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Thomas Lee Barry

was justified in refusing selective employment offered to him by

employer.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

So viewed, the evidence proved that on May 27, 1999, claimant sustained a compensable injury to his left knee. The commission entered an award on November 2, 1999, for temporary total disability benefits beginning May 28, 1999.

On June 15, 1999, Dr. Fred Knickerbocker, claimant's treating physician, performed arthroscopic surgery on claimant's left knee to repair a torn medial meniscus. On October 13, 1999, Dr. Knickerbocker released claimant to return to work with restrictions against repetitive squatting, kneeling, or climbing.

On November 10, 1999, employer offered claimant light-duty work within his residual capacity, working in a metal shop at a wage greater than his pre-injury wage. Claimant accepted this employment, and continued to work in this job until January 12, 2000.

On that date, employer underwent a workforce reduction and offered claimant a job in "the field," which would require that he walk approximately three-fourths of a mile uphill from his assigned parking space and three-fourths of a mile back downhill to his parking space, while carrying his toolbox. The road he would have to walk on was muddy, hilly, and rocky. Claimant's toolbox weighs approximately fifty pounds. Claimant told

-

employer that he did not believe he was medically permitted to walk that distance carrying his tools, and he did not believe that he could do it. As a result, employer laid off claimant. Claimant testified regarding his efforts after that date to market his residual capacity.

Employer's representative testified that claimant could have stored his tools on the job site in a "gang box." Claimant testified that his tools were valued at between $2,000 and $4,000 and that some of them were irreplaceable. He stated that there had been thefts from the "gang boxes" and that employer was unwilling to replace the tools. For this reason, he did not want to store his tools in the "gang box." Employer did not rebut claimant's testimony.

On January 17, 2000, Dr. Knickerbocker examined claimant and opined that he could not walk more than fifty feet while carrying his toolbox and that he was not allowed to squat, kneel, or climb on a repetitive basis. In a January 20, 2000 letter to claimant's counsel, Dr. Knickerbocker opined that the claimant could not walk "3/4 mile up a hill carrying a heavy toolbox without aggravating his knee." Claimant's restrictions were made permanent on February 14, 2000.

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by

-

the employee to accept the job.'" Id. at 515, 382 S.E.2d at 489

(quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App.

97, 98, 335 S.E.2d 379, 380 (1985)).

"When the employer establishes that selective employment

was offered to an employee that was within the employee's

capacity to work, the employee bears the burden of establishing

justification for refusing the offered employment." Food Lion,

Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).

"To support a finding of justification to refuse suitable

selective employment, 'the reasons advanced must be such that a

reasonable person desirous of employment would have refused the

offered work.'" Id. (citation omitted).

In ruling that claimant was justified in refusing

employer's offer of selective employment, the commission found

as follows:

> It is apparent from the medical record that
> the claimant was restricted from walking the
> required distance from the parking lot to
> the job site while carrying his tool box.
> The claimant testified that some of these
> tools are irreplaceable, and the total value
> of the tools is from $2,000.00 to $4,000.00.
> The employer argues that the claimant is not
> required to carry his tools to the job site
> since a "gang box" is in place to store the
> tools.  The claimant testified that there
> have been thefts from those "gang boxes" and
> that the employer is not willing to
> reimburse employees or replace tools lost
> due to theft.  This testimony was not
> refuted by the employer.  We find that the
> claimant's refusal of selective employment
> offered on January 12, 2000, was justified.

-

Claimant's unrebutted testimony and Dr. Knickerbocker's medical records and opinions constitute credible evidence to support the commission's findings. Those findings are binding and conclusive upon us on appeal, and were sufficient to support the commission's decision that claimant was justified in refusing selective employment.[1]

For these reasons, we affirm the commission's decision.

Affirmed.

---

[1] Because we find that claimant was justified in refusing selective employment, we need not address the marketing issue. However, we note that there is ample credible evidence to support the commission's finding that claimant adequately marketed his residual capacity after January 12, 2000.

-