COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Cole*


LONNIE JAMES BREEDING
                                    MEMORANDUM OPINION**
v.    Record No. 1134-01-3              PER CURIAM
                                    SEPTEMBER 11, 2001
CLINCHFIELD COAL COMPANY/
 THE PITTSTON COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ginger J. Largen; Morefield Kendrick Hess &
            Largen, P.C., on brief), for appellant.

            (Ramesh Murthy; Lisa Frisina Clement;
            PennStuart, on brief), for appellee.


     Lonnie James Breeding contends the Workers' Compensation

Commission erred in finding that (1) Breeding was not totally

disabled due to a psychiatric condition causally related to his

compensable June 28, 1998 injury by accident; and (2) Breeding

unjustifiably refused selective employment offered by

Clinchfield Coal Company.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____

        * Retired Judge Marvin F. Cole took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Thus, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Unless we can say as a matter of law that Breeding's evidence sustained his burden of proving that he was totally disabled as a result of a psychiatric condition causally related to his compensable injury by accident, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that Breeding's evidence failed to sustain his burden of proof, the commission accepted the opinions of Drs. Paul R. Kelley and Richard G. Salamone and rejected the contrary opinions of Drs. Neil Dubner and B. Wayne Lanthorn, a licensed clinical psychologist. The commission found as follows:

> The record reflects that Dr. [Neal] Jewell, [Breeding's treating orthopedist,] evaluated [Breeding] on a consistent basis throughout the relevant period[, i.e., from July 1999 forward]. Neither before nor after July 1999 did Dr. Jewell note any signs of any disabling psychiatric condition, or, in fact, any psychiatric signs or symptoms of

any kind.  We note that Dr. Jewell never requested a referral for psychiatric treatment at any stage.  In July 1999, contemporaneous with Dr. Dubner's first evaluation, [Breeding] independently sought an evaluation from Dr. [Ken] Smith.  As part of his evaluation Dr. Smith performed a mental status examination from which he concluded that [Breeding] did not suffer from any psychiatric condition, whether disabling or not.

A careful reading of Dr. Dubner's treatment records reveal that his diagnosis and opinion is based primarily on [Breeding's] reports of incapacitating pain of such severity that [he] must spend a significant portion of the time lying down. Dr. Dubner noted by history that [Breeding] "frequently will lie down to give himself relief" and "a number of months ago he spent probably half his time lying around just trying to gain some relief."  We contrast this history with the contemporaneous medical reports from Dr. Jewell, Dr. Smith, Dr. [Earl K.] Wilson, Dr. [Charles] Bolick, and that of the evaluator for the Functional Capacity Evaluation [("FCE")].  None of the physicians noted complaints to this degree. Dr. Jewell as well as the therapist who performed the [FCE] noted signs of symptom magnification.  Likewise Dr. Kelley and Dr. Salamone noted test results consistent with symptom magnification.  Dr. Salamone's opinion that it would require a "fairly severe depression" to preclude engagement in gainful employment, was not specifically rebutted.

Further, we note that Dr. Jewell evaluated [Breeding] in January and March 2000.  During neither visit did he document any complaints of psychiatric impairment nor signs and symptoms thereof independent of any subjective complaints.  The emergency room physician did not record by history any complaints regarding psychiatric symptoms or

disability flowing therefrom [on February 22, 2000].

The commission, as fact finder, was entitled to weigh the medical evidence. In doing so, the commission accepted the opinions of Drs. Kelley and Salamone, while rejecting the contrary opinions of Drs. Dubner and Lanthorn. Thus, viewed in the light most favorable to the prevailing party below, see R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990), the evidence demonstrates an absence of any significant psychiatric symptoms or complaints by Breeding to Drs. Jewell, Smith, Wilson, and the FCE evaluator during the relevant time period. The evidence also supports the reports of Breeding's symptom magnification. Moreover, in light of the opinions of Drs. Kelley and Salamone, the evidence does not establish as a matter of law that Breeding's evidence proved he was totally disabled due to a psychiatric condition causally related to his compensable accident as of February 25, 2000.

## II.

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App.

97, 98, 335 S.E.2d 379, 380 (1985)).  "When the employer establishes that selective employment was offered to an employee that was within the employee's capacity to work, the employee bears the burden of establishing justification for refusing the offered employment."  Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993).

Breeding failed to prove that as of February 25, 2000, he was totally disabled due to a psychiatric condition causally related to his compensable accident.  Furthermore, Dr. Jewell's March 6, 2000 opinion indicated that Breeding's physical condition had not changed since January 17, 2000 and that Breeding could perform the selective employment previously approved.  Therefore, we cannot conclude as a matter of law that Breeding proved he was justified in refusing selective employment as of that date.

For these reasons, we affirm the commission's decision.

Affirmed.