COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


DICKENSON COUNTY SCHOOL BOARD AND
 LEGION INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 2904-01-3                 PER CURIAM
                                          MARCH 5, 2002
EULA CHARLENE WITT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Richard D. Lucas; Lucas & Associates, on
            brief), for appellants.

            (Paul L. Phipps; Lee & Phipps, P.C., on
            brief), for appellee.


     Dickenson County School Board and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Eula Charlene Witt (claimant)

proved she was justified in refusing selective employment

offered to her by employer.  Upon reviewing the record and the

parties' briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" Id. at 515, 382 S.E.2d at 489 (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

"When the employer establishes that selective employment was offered to an employee that was within the employee's capacity to work, the employee bears the burden of establishing justification for refusing the offered employment." Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993). "To support a finding of justification to refuse suitable selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'" Id. (citation omitted).

The commission found that the claimant made a bona fide attempt to return to light-duty work, but due to her back pain she was unable to continue working. Although Dr. Richard S. Duncan opined that claimant could return to work with restrictions, "the fact that contrary evidence may be found in

- 2 -

the record is of no consequence if credible evidence supports the commission's finding." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). The claimant's testimony regarding her multiple attempts to perform the light-duty work offered by employer and her inability to do so, emergency room reports reflecting claimant's reports of back pain after several attempts to return to light-duty work, and Drs. Duncan and O'Connell's opinions that claimant's pain complaints are real constitute credible evidence sufficient to support the commission's findings that claimant made a bona fide attempt to perform light-duty work offered to her by employer, but was unable to do so because of her back pain. Those findings are binding and conclusive upon us on appeal, and were sufficient to support the commission's decision that claimant was justified in refusing selective employment.

For these reasons, we affirm the commission's decision.

Affirmed.